UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KENTRAIL BELK                                                                           PETITIONER

V.                                                              CIVIL ACTION NO.1:09CV242-SA-JAD

RAYFORD HORTON, et al.                                                                 RESPONDENTS

REPORT AND RECOMMENDATION

The undersigned has considered the respondents' motion to dismiss this petition as untimely (Doc. 4). The petitioner filed no response in opposition.

With limited exceptions, a federal habeas corpus petition must be brought within one year of the date the judgment of conviction becomes final, with the statute of limitations being tolled during the pendency of any properly filed state post-conviction motion. § 28 U.S.C. § 2244(d).

Belk pled guilty to the sale of cocaine on July 11, 2006, in the Circuit Court of Clay County, Mississippi. He was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections and is presently out on parole. Because Mississippi case law allows for limited appeals from guilty pleas, *Berry v. State*, 722 So.2d 706 (Miss. 1998), Belk's conviction and sentence became final on August 10, 2006. The federal statute of limitations, in the absence of a properly filed post-conviction motion, ran one year later on August 10, 2007. Neither Belk's motion for leave to file an out-of-time appeal, nor his motion for reconsideration of the denial of this motion, is a properly filed motion for post-conviction relief. His state motion for post-conviction relief filed after the running of the federal period of limitations is immaterial to this determination. Belk's habeas petition was filed with this court sometime between September 21, 2009 and September 23, 2009, more than two years too late.

The undersigned recommends that the petition be denied with prejudice as untimely filed.

The parties are referred to 28 U.S.C. 636(b)(1) and F.R.Civ.P 72.2 (D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party, except upon grounds of plain error, from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

THIS 15th day of March, 2010.

/s/ JERRY A. DAVIS_____
UNITED STATES MAGISTRATE JUDGE